IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Sumter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:12-2223-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 7, 2014, recommending that the Court affirm the decision of the Commissioner. (Dkt. No. 25). The Plaintiff filed objections to the Report and Recommendation and the Commissioner filed a response. (Dkt. No. 27, 30). As more fully set forth below, the Court reverses the decision of the Commissioner and remands for further action consistent with this opinion.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether the applicant is engaged in substantial gainful work. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has any "severe medically determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a

determination whether any impairment of the claimant satisfies any one of a designated list of impairments that would automatically render the claimant disabled. *Id.* § 404.1520(a)(4)(iii). Where the claimant has multiple impairments but none satisfy independently the criteria for a listed impairment, the Commissioner is obligated to consider the combined effect of the various impairments and determine whether they are the medical equivalent of the criteria of a listed impairment. 42 U.S.C. § 423(d)(2)(B); *Walker v. Bowen*, 889 F.2d 47, 49-50 (1989); 20 C.F.R. § 416.926.

If the claimant does not have a listed impairment or the medical equivalent of a listed impairment, the Commissioner must proceed to Step Four, which involves an assessment of the claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). This requires assessment of the claimant's ability "to meet the physical, mental, sensory, and other requirements of work." *Id.* § 404.1545(a)(4). In determining the claimant's RFC, the Commissioner "must first identify the individual's functional limitations or restrictions" and provide a narrative "describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8P, 61 Fed. Reg. 34474, 34475, 34478 (July 2, 1996).

Once the claimant's RFC is determined, the Commissioner must assess whether the claimant can do his past relevant work. 20 C.F.R. §§ 404.1520(4)(iv), 1545(a)(5)(i). If the claimant, notwithstanding the RFC determination, can still perform his past relevant work, he is deemed not to be disabled. If the claimant cannot perform his past relevant work, the Commissioner then proceeds to Step Five to determine if there is other available "work which exists in significant numbers either in the region where [the claimant] lives or in several regions

of the country" he can perform in light of the RFC determination. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(a)(4)(v). At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

When the ALJ determines at Step Four that a claimant's Residual Functional Capacity is less than the full range of sedentary work, as is present in this case, the Commissioner is obligated to determine the extent to which a limitation exists and the effect such a limitation has on the sedentary occupational base. SSR 96-9P, 61 Fed. Reg. 34478 (July 2, 1996). Where the limitation involves a problem with prolonged sitting, the Commissioner must determine if the claimant can perform work in a seated position for approximately six hours in an eight hour work day, with appropriate breaks, and, if not, the amount of sitting the claimant can tolerate. 61 Fed. Reg. at 34482. A determination must then be made, usually through a vocational expert, whether there exist jobs in a significant number in the market place for a person with this eroded occupational base. *Id.* Further, to the extent the claimant's difficulty with sitting can be resolved with alternate standing and sitting, the ALJ must make specific findings concerning the frequency and length of time the claimant must stand so as to make a determination of the degree to which the claimant's sedentary occupational base has been eroded. *Id.*

### Factual Background

This appeal arises out of the Commissioner's denial of disability benefits to claimant, a former stocker at Walmart who has been diagnosed since 2007 with seronegative oligoarthritis and has been out of work since that time. Tr. 36, 242. He has been under the active care of Dr. James Oates, a double board certified rheumatologist, an associate professor of medicine at the

Medical University of South Carolina and the chief of the Rheumatology Division at the Ralph Johnson VA Medical Center. Tr. 351. Plaintiff's medical record documents a persistent history of severe joint pain associated with this condition, predominantly in his hips but also in his thighs, legs, back, arms, and hands. Tr. 240-41, 244-45, 248, 267, 274-75, 282, 346, 351. Dr. Oates has determined Plaintiff is unable to return to work because of "difficulty with bending and stooping and prolonged sitting." Tr. 351. When Plaintiff sought to explore a sedentary job as a computer operator, Dr. Oates indicated that such a job was not possible because he could not tolerate the sitting. Tr. 38.

Plaintiff testified at the hearing that his hip hurts all the time and is worse with sitting. Tr. 40, 41. He further stated that his pain is worse with activity and he has the least pain when he lays down and does not move. Tr. 43. He also testified that he is able to be active only for approximately one hour and then has to rest. *Id.*

The record contains Physical RFC assessments performed by two non-examining and non-treating physicians, Dr. Joseph Gonzalez and Dr. William Cain. Both concluded Plaintiff had minimal functional impairments and could sit or stand six hours per day. Tr. 307, 326. Plaintiff also underwent an examination by Dr. Harriet Steinert, a non-treating physician, who found that Plaintiff had minimal impairments. Tr. 296-97.

The Administrative Law Judge ("ALJ") issued a decision on March 22, 2011, finding that Plaintiff had a severe impairment with seronegative oligoarthritis but that his condition did not satisfy the requirements for any Listing, including Listing 14.09 for inflammatory arthritis. Tr. 13-14. The ALJ did determine, however, that Plaintiff's impairments limited his RFC to the sedentary level and was further limited by prohibitions on climbing and working in cold weather

and an option to sit or stand at will. Tr. 14. In reaching this conclusion, the ALJ gave "credence" to Dr. Oates' opinion that Plaintiff would have difficulty with prolonged sitting and addressed this by the sitting or standing option. Tr. 18. The ALJ made no finding about Plaintiff's ability to sit a total of six hours in an eight-hour day or the time Plaintiff would need to stand when exercising the alternate sitting and standing option. In posing a series of hypothetical questions to the Vocational Expert, the ALJ did not include any reference to the total amount of sitting in the workday or the length of any standing that would be required. Tr. 44-49. The hypothetical did include the option of standing every hour. Tr. 46. The Vocational Expert testified that there were jobs available in the marketplace with the limitations set forth by the ALJ but acknowledged on cross examination that if Plaintiff could be productive only an hour or two at a time there would not be available jobs in the marketplace for him. Tr. 44-49.

## Discussion

### A.   The ALJ's finding that Plaintiff does not satisfy Listing 14.09 for inflammatory arthritis

Plaintiff argues that the ALJ's finding that Plaintiff did not satisfy all of the requirements for Listing 14.09 is not supported by substantial evidence. This argument is primarily based on the fact that Dr. Oates completed a questionnaire in which he opined that Plaintiff satisfied the requirement of Listing 14.09 that the claimant had persistent inflammation or persistent deformity of one or more weight bearing joints "resulting in an inability to ambulate effectively" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09(a)(1). Plaintiff is correct that Dr. Oates did, in fact, complete a questionnaire and indicated that the claimant satisfied this Listing. Tr. 334.

As the ALJ noted, the Listing contains additional language, providing that the term

"inability to ambulate effectively" is defined in another section of the regulation, which sets forth a high bar to demonstrate an inability to ambulate effectively. Listing 1.00(B)(2)(b)(1) defines the inability to ambulate effectively to mean an "extreme limitation on the ability to walk" and "interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." The regulation provides as examples of ineffective ambulation the inability to walk without the use of a walker, two crutches, or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, to engage in routine activities such as shopping, or to climb a few steps at a reasonable pace. Listing 1.00(B)(2)(b)(2).

While the record does demonstrate that Plaintiff's impairment does limit to some degree his ability to ambulate, this limitation is noted to occur when Plaintiff attempts to walk longer than a half mile. Tr. 345. Plaintiff testified that he is able in the morning to take his wife to work and his daughter to the school bus but then must return home to lay down. Tr. 37. In light of this record, the Court finds there is substantial evidence to support the finding of the ALJ that Plaintiff does not satisfy the 14.09 Listing.

### B. The ALJ's alleged failure to consider Dr. Oates' letter submitted after the administrative hearing

Plaintiff argues that the ALJ failed to consider a letter Dr. Oates prepared and submitted after the administrative hearing, which is found in the record at Exhibit 12-F, because the ALJ did not explicitly reference that exhibit in his decision. (Dkt. No. 27 at 2). While it is true that the ALJ references various exhibits in his decision regarding Dr. Oates but fails to mention Exhibit 12-F, it does not follow that he did not consider this exhibit. Indeed, if one examines the ALJ's discussion of Dr. Oates' testimony, he gives credence to a particular line in Exhibit 12-F,

quoting verbatim that the claimant has "difficulty with bending and stooping and prolonged sitting." Tr. 18, 351. The Court finds this objection of Plaintiff has no merit.

### C. The ALJ's failure to make specific findings and to pose a proper hypothetical question to the Vocational Expert regarding Plaintiff's limitations on prolonged sitting

The RFC reflects a claimant's "maximum ability to perform sustained work on a regular and continuing basis; i.e., 8 hours per day, for 5 days per week, or an equivalent work schedule." SSR 96-9P, 61 Fed. Reg. at 34479. A finding that a claimant is limited to sedentary work "represents a significantly restricted range of work" and reflects the fact that the claimant has "very serious functional limitations." *Id.* at 34480. Sedentary work normally involves at least six hours of sitting in the eight-hour workday with breaks in the morning, lunchtime, and the afternoon in approximately two hour intervals. *Id.* at 34482. If a claimant cannot sustain sitting at least six hours during the eight-hour day, with appropriate breaks, then it becomes necessary to determine the length of time the claimant is able to sit and a determination must be made whether that limitation significantly erodes the occupational base for sedentary work. *Id.* Further, to the extent that a claimant may be able to address his sitting problems with alternate sitting and standing, the ALJ must make specific findings regarding the frequency of the claimant's need to alternate sitting and standing and the length the claimant would need to stand. *Id.* Again, a determination would need to be made on the impact of such limitations on the erosion of the sedentary occupational base. *Id.*

Measured by these standards, the ALJ's findings and hypothetical questions posed to the Vocational Expert are deficient. First, Dr. Oates, Plaintiff's treating specialist physician, provided an opinion that Plaintiff could not tolerate "prolonged sitting." Tr. 351. This opinion

-8-

was given "credence" by the ALJ and is consistent with the standards set forth in the Treating Physician Rule, 20 C.F.R. § 404.1527(c). Tr. 18. The record indicates that it was Dr. Oates' opinion that Plaintiff was unable to assume a position of a computer operator, a potential sedentary-level occupation, because he could not tolerate the prolonged sitting. Tr. 38. Dr. Oates documented that Plaintiff's severe pain began after sitting for two hours. Tr. 345. Plaintiff testified that he can sustain activity approximately one hour before he has to lay down and rest. Tr. 44.

In light of the acknowledged limitations on Plaintiff's ability to sit for a prolonged period of time, the ALJ should have made a threshold determination of whether he could sustain work for the eight-hour workday and sit for six hours with normal breaks.[1] If Plaintiff could not sit for six hours, with normal breaks, the ALJ was then obligated to determine the amount of sitting Plaintiff was able to do in an eight-hour workday. A determination would then have to be made whether any limitation on the claimant's ability to sit during the workday significantly eroded his sedentary occupational base. Since the ALJ made no findings regarding Plaintiff's capacity to sit over the entire workday and posed no relevant hypothetical to the Vocational Expert on this matter, reversal and remand are necessary.

Second, the ALJ did not address in his hypothetical questions to the Vocational Expert the length of time Plaintiff would need to stand in exercising the alternate sitting and standing option. If the ALJ sought to address the problem with prolonged sitting with alternate sitting and standing, the ALJ would need to determine the frequency of the alternate sitting and standing and

---

[1] If the claimant is unable to sustain work over an eight-hour workday, he is obviously disabled under the Social Security Act.

the length of time the claimant would need to stand. In this regard, the ALJ did include in the hypothetical to the Vocational Expert that the claimant could alternate sitting and standing every hour but made no reference to the length of time the claimant would need to stand. On remand, this deficiency should be addressed. Moreover, the ALJ's provision of an alternate sitting and standing option was provided without any finding by the ALJ or reference to the record indicating that this option would remediate or mitigate Plaintiff's problems with prolonged sitting. On remand, the ALJ should make specific findings regarding the use of alternate sitting and standing to address Plaintiff's chronic pain associated with prolonged sitting.[2]

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), and remands the matter to the Commissioner for further action consistent with this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 6, 2014
Charleston, South Carolina

---

[2] The ALJ would be well served on remand to recontact Dr. Oates and to have him address as precisely as possible the length of time Plaintiff could sustain sitting over the typical workday and whether alternating sitting and standing would materially increase Plaintiff's capacity to sustain work over the workday. Since the ALJ has expressed a high degree of confidence in Dr. Oates' opinions regarding the claimant's inability to engage in prolonged sitting, such additional information should be of great assistance to the ALJ in making the necessary findings under SSR 96-9P.